UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JANICE LANG,                        )
     Plaintiff,                     )
                                    )
v.                                  ) Docket No. 05-10052-WGY
                                    )
JOHN E. POTTER, POSTMASTER GENERAL, )
UNITED STATES POSTAL SERVICE,       )
     Defendant.                     )
_____ )

## ANSWER

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant John E. Potter, Postmaster General of the United States Postal Service ("Defendant" or "USPS"), responds to the Complaint of Plaintiff Janice Lang as follows:

## FIRST AFFIRMATIVE DEFENSE

1.  The allegations contained in Paragraph 1 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

2.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's residence.  To the extent a response is required, Defendant admits that the Plaintiff's mailing address as represented to the USPS is 431 Forest Hill Street, Dunstable, MA 01827.

3.  Defendant admits that the USPS is an employer pursuant to Title VII of the Civil Rights Act of 1964 and the Age

Discrimination in Employment Act. Defendant also admits that Plaintiff is currently an employee of the USPS. However, to the extent that the Plaintiff refers to facts and time periods outside of her dates of employment with the USPS, the Defendant denies those allegations.

    4.    Defendant admits that Plaintiff was mailed a Notice of Final Decision on November 1, 2004, and that the instant action was filed on January 10, 2005. The remaining allegations in Paragraph 4 of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

    5.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's date of birth and age. To the extent a response is required, Defendant admits that the Plaintiff's date of birth as represented to the USPS is October 6, 1941.

    6.    Defendant admits the allegations of Paragraph 6 of the Complaint.

    7.    Defendant admits the allegations of Paragraph 7 of the Complaint.

    8.    Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits only that Plaintiff was qualified for the labor relations specialist position, and that she had postal experience and a law degree. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. To the extent a response is required, Defendant denies those allegations.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits only that USPS re-posted the labor relations specialist position and modified the requirements of the position. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 17 of the Complaint.  To the extent a response is required, Defendant denies those allegations.

    18.   Defendant admits the allegations contained in Paragraph 18 of the Complaint.

    19.   Defendant admits the allegations contained in Paragraph 19 of the Complaint.

    20.   Defendant denies the allegations contained in Paragraph 20 of the Complaint.

    21.   Defendant admits the allegations contained in Paragraph 21 of the Complaint.

    22.   Defendant hereby restates and incorporates by reference its responses to Paragraphs 1 through 21 above.

    23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

    24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint.

    25.   Defendant hereby restates and incorporates by reference its responses to Paragraphs 1 through 25 above.

    26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

    27.   Defendant denies the allegations contained in Paragraph 27 of the Complaint.

    Defendant also denies each and every allegation to the

Complaint not heretofore admitted, denied, or otherwise responded to.

### ADDITIONAL AFFIRMATIVE DEFENSES

1.  Plaintiff is not entitled to recover punitive damages in this action against the United States Postal service, a federal governmental entity.
2.  Plaintiff fails to state a claim upon which relief may be granted.
3.  Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.
4.  Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Title VII and the ADEA.
5.  To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare herself to a similarly situated employee.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of her Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

                                  Respectfully submitted,

                                  JOHN E. POTTER
                                  Postmaster General

                                  By His Attorneys

                                  MICHAEL J. SULLIVAN
                                  UNITED STATES ATTORNEY


                          By:   /s/ Damian W. Wilmot
                                  Damian W. Wilmot
                                  Assistant U.S. Attorney
                                  District of Massachusetts
                                  John Joseph Moakley U.S. Courthouse
                                  1 Courthouse Way, Suite 9200
                                  Boston, MA  02210
                                  (617) 748-3398

## **CERTIFICATE OF SERVICE**

Suffolk, ss.                          Boston, Massachusetts
                                      March 21, 2005

    I certify that I caused a copy of the foregoing Answer to be served on Plaintiff's attorney, Gary Goldberg, 120 Main Street, Worcester, MA 01608, by first class mail, postage pre-paid.

                                    /s/ Damian W. Wilmot
                                  DAMIAN W. WILMOT
                                  Assistant U.S. Attorney