UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JANICE LANG,                        )
     Plaintiff,                     )
                                    )
v.                                  ) Docket No. 05-10052-WGY
                                    )
JOHN E. POTTER, POSTMASTER GENERAL, )
UNITED STATES POSTAL SERVICE,       )
     Defendant.                     )
_____)

**MOTION FOR EXTENSION OF DEADLINES ON DISPOSITIVE MOTIONS**

The United States respectfully moves the Court to toll the deadline on dispositive motions established by the Court's May 4, 2005 order. Good cause exists for granting the United States's request.

Since the Scheduling Conference in this matter on May 9, 2005, the parties diligently had been litigating this case and adhering to each deadline set by the Court's May 4, 2005 order. On December 9, 2005, the Court referred the above-captioned case to Alternative Dispute Resolution ("ADR").

In January 2006, the undersigned counsel contacted the Court on two occasions inquiring whether its referral of the case to ADR tolled the remaining deadlines while the parties engaged in mediation. After receiving no response, the undersigned counsel discussed the question with colleagues within his office, concluding that the Court's referral of the case to ADR likely tolled the remaining deadlines as such action would save the parties the cost and expense of litigation while discussing

settlement.

On Friday, March 3, 2006, the undersigned counsel was informed by a colleague in his office, who previously had a case before this Court under similar circumstances, that the Court's referral of the case to ADR likely did *not* toll the remaining deadlines and recommended filing a motion to toll the time period for filing dispositive motions, which passed on February 28, 2006.

Therefore, because the effect of the Court's referral of this case to ADR is uncertain to the parties, the government requests that the Court retroactively toll the deadline on dispositive motions to thirty (30) days after Magistrate Judge Collins reports to the Court that the parties could not resolve the case in ADR.  The mediation conference currently is scheduled for April 28, 2006.  Such an order would save the parties the cost and expense of preparing dispositive motions while discussing settlement.

Accordingly, in order for the parties to engage in settlement discussions while not incurring the cost and expense of preparing dispositive motions, and to have sufficient time to file dispositive motions if a settlement cannot be reached, the United States requests that the Court toll the deadline on dispositive motions to thirty (30) days after Magistrate Judge Collins reports to the Court that the parties could not resolve the case in ADR.

        Respectfully submitted,

        JOHN E. POTTER
        Postmaster General

        By His Attorneys

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY


By:  /s/ Damian W. Wilmot
    Damian W. Wilmot
    Assistant U.S. Attorney
    District of Massachusetts
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    (617) 748-3398

## CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, on March 6, 2006, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

        /s/ Damian W. Wilmot
        DAMIAN W. WILMOT
        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.        Boston, Massachusetts
        March 6, 2006

I certify that I caused a courtesy copy of the foregoing Motion to be served on Plaintiff's attorney, Gary Goldberg, 120 Main Street, Worcester, MA 01608, by first class mail, postage pre-paid.

        /s/ Damian W. Wilmot
        DAMIAN W. WILMOT
        Assistant U.S. Attorney